**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Lee Homer,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-21-08245-PCT-DJH<br><br>**ORDER** |

At issue is the denial of Plaintiff Joe Lee Homer's Applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") by the Social Security Administration ("SSA") under the Social Security Act ("the Act").[1] Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 23), Defendant Social Security Administration Commissioner's Response Brief (Doc. 26), and Plaintiff's Reply Brief (Doc. 27). The Court has reviewed the briefs, Administrative Record (Doc. 22, "R."), and the Administrative Law Judge's ("ALJ") decision (R. at 13-23) and affirms the ALJ's decision for the reasons addressed herein.

///

---

[1] The relevant DIB and SSI regulations in this case are virtually identical, and the Court cites only the DIB regulations in the Order. Parallel SSI regulations are found in 20 C.F.R. §§ 416.900-416.999 and correspond with the last two digits of the DIB citation (e.g., 20 C.F.R. § 404.1520 corresponds with 20 C.F.R. § 416.920).

## I. BACKGROUND

Plaintiff filed an application for DIB on August 10, 2018, and an application for SSI on August 10, 2018, for a period of disability beginning on July 31, 2016. (R. at 13). Plaintiff's claims were denied initially on December 14, 2018, and upon reconsideration on April 18, 2019. (*Id.*) Plaintiff testified before an ALJ in a hearing regarding his claims on January 7, 2021. (*Id.*) The ALJ denied his claims on February 18, 2021. (R. at 13-23). On September 8, 2021, the Appeals Council denied his request for review of the ALJ's decision. (R. at 1-5). On November 5, 2021, Plaintiff filed this action seeking judicial review. (Doc. 1).

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon consideration of the medical records and opinions, the ALJ evaluated Plaintiff's alleged disability based upon the severe impairments of cerebrovascular accident in 2018, mild neurocognitive disorder, and alcohol use in reported remission. (R. at 16).

Ultimately, the ALJ assessed the medical evidence and opinions and concluded that Plaintiff was not disabled. (R. at 23). The ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1." (R. at 16). Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 C.F.R § 404.1567(b) and § 416.967(b)" with certain function limitations. (R. at 17-18, 23).

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is

more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id*. To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id*. As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five–step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id*. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id*. If not, the ALJ proceeds to step four. *Id*. At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id*. If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id*. If not, the claimant is disabled. *Id*.

### III. ANALYSIS

Plaintiff raises one argument for the Court's consideration, that the ALJ neglected to include all of Plaintiff's functional limitations supported by evidence in the hypothetical presented to the Vocational Expert ("VE"), and therefore, the ALJ's decision is not supported by substantial evidence. (Doc. 23 at 3-9).

### A. The ALJ's hypothetical question posed to the VE was proper.

Plaintiff argues that the ALJ omitted important limiting factors regarding Plaintiff's functional abilities in the hypothetical questions posed to the VE. (Doc. 23 at 6). In particular, Plaintiff believes the ALJ failed to account for Plaintiff's speech and cognitive deficits in the hypotheticals. (*Id*. at 8). Therefore, Plaintiff contends the VE's testimony does not qualify as substantial evidence that the ALJ may rely upon. (*Id*.)

During the hearing, the ALJ asked the VE a hypothetical question based upon factors in the record and testimonial evidence. The ALJ's hypothetical posed to the VE stated,

> [T]he individual can understand, carry out and remember simple instructions that would include understanding and learning terms of instructions and procedures, maintaining attention and concentration for approximately two-hour blocks; understanding, carrying out and remembering one to two-step instructions; recognizing a mistake and correcting it.
>
> Being able to work consistently at a reasonable pace for approximately two-hour segments between arrival, first break, a lunch and second break and departure; attending work regularly without excessive early departures or absences during a typical eight-hour day five days a week or equivalent schedule; and to make simple judgements and work-related decisions.
>
> To respond appropriately to supervision and coworkers in work situation such as asking simple questions or requesting assistance, accepting instructions; responding appropriately to criticism from supervisors; cooperating with others; appropriately handling disagreements with others; and not distracting others or exhibiting behavioral extremes; and to deal with changes in a routine work setting.

(R. at 46-47).

Given this hypothetical, the VE determined that the individual would be able to perform their past, previous work which consisted of a cleaner-housekeeper, DOT 323.687-014, SVP 2, with a physical demand level of light,[2] and a meat packager, DOT 920.587-018, SVP 2, physical demand level of medium.[3] (R. at 46-47). The VE testified the reasoning level is a one for the housekeeper and a two for the meat packer. (R. at 48).

Plaintiff takes issue with this hypothetical because he reasons it does not incorporate his cognitive and speech limitations. The Court does not agree.

A hypothetical question posed to a VE must "include all of the claimant's functional limitations, both physical and mental." *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995). The hypothetical should "be accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. However, it is appropriate for an ALJ to limit a hypothetical to only those functional limitations that are supported by substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir.1989). An ALJ is not "bound to accept as true the restrictions set forth in the [] hypothetical question if they were not supported by substantial evidence." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

In the present case, although the ALJ found Plaintiff had severe impairments consisting of a cerebrovascular accident in 2018 (stroke) and a mild neurocognitive disorder, the ALJ found the disorders were not severe enough to meet any of the listed impairments in step three of the ALJ's analysis. (R. at 16-17). The ALJ further considered the objective evidence at step four during his RFC analysis and reasonably found "that the [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…" (R. at 18-19). Thus, the ALJ was

---

[2] The VE also testified that the second time Plaintiff was employed in this same position, he lifted 50 pounds which the VE determined would be at the medium level. (R. at 46).

[3] The VE testified the Plaintiff performed at the heavy level.

free to rely upon evidence in the record that the Plaintiff's aphasia had improved with speech therapy following his stroke. (R. at 541). In December 2019, medical evidence showed that Plaintiff's speech was more fluent, and he answered questions well. (R. at 725). An additional speech evaluation was completed on Plaintiff in March 2020 which showed that Plaintiff no longer exhibited "easily detected slurred speech" and was "approaching normal." (R. at 736). "A treating physician's most recent medical reports are highly probative." *Osenbrock*, 240 F.3d at 1165. Therefore, the ALJ's finding that the Plaintiff's aphasia improved with speech therapy was reasonable and supported by substantial evidence. (R. at 20). As a result, a limitation instruction regarding Plaintiff's aphasia was not warranted in the hypothetical posed to the VE.

Turning to Plaintiff's cognitive impairment limitation argument, the Court finds this claim is equally misplaced. The ALJ was not bound to accept Plaintiff's cognitive impairment claim, but the ALJ noted in his decision that Plaintiff had some neurocognitive deficits that were considered in the assessment of Plaintiff's mental RFC. (R. at 21). The record shows that the ALJ cited to a cognitive evaluation in August 2018 that found Plaintiff's "[r]eceptive/expressive language skills were within normal limits." (R. at 19). The ALJ also considered a review by a state agency consultant in December 2018 which found that the Plaintiff's cognitive deficits would be nonsevere by July 2019. (R. at 21). Moreover, the ALJ's findings that Plaintiff improved with physical, occupational and speech therapy was supported with the medical records. (R. at 19-21).

Based upon the aforementioned reasons, the Court finds that the ALJ's omission of Plaintiff's aphasia and cognitive functional limitations from the hypothetical posed to the VE was not error. The ALJ properly limited the hypothetical to those impairments he found were supported by substantial evidence in the record. Therefore, the ALJ's reliance on the VE's testimony given in response to the hypothetical question was proper. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Finally, Plaintiff asserts, unpersuasively, that the ALJ should have also included a limitation in the RFC for off task behavior due to Plaintiff's severe aphasia and cognitive deficits. (Doc. 23 at 9). However, Plaintiff's attorney asked the VE during the hearing if

under the hypothetical, jobs would be available if the person was off task for 15 percent of the time. (R. at 48). The VE replied, "…so up to 15 would be acceptable. If 15 and above it would become work preclusive." (*Id*.) Plaintiff's attorney had no further questions. Thus, it does not appear that being off task would impede Plaintiff from his previous past work, and Plaintiff did not offer additional evidence at the hearing that would support a finding by the ALJ that Plaintiff would be off task 15 percent or more in a work day. Ultimately, it seems Plaintiff takes issue with the ALJ's interpretation of the evidence and asserts that Plaintiff's interpretation of the evidence is a better alternative. Nonetheless, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954.

## IV. CONCLUSION

The Court finds that substantial evidence supports the ALJ's nondisability determination. The ALJ's hypothetical question posed to the VE was proper, and the ALJ appropriately relied upon the VE's testimony. Therefore, the Court finds that the ALJ did not err in his decision, which is based on substantial evidence. The Court need not reach the merits of Plaintiff's request to remand or for an award of benefits since the Court finds a remand is unwarranted.

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 15th day of November, 2022.

Honorable Diane J. Humetewa
United States District Judge